FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2018 MAR -5 AM 10: 04

# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 77764-5-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| CHARLES S. LONGSHORE, III, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: March 5, 2018 |

SPEARMAN, J. — Under CrR 8.3(b), a trial court has discretion to dismiss a criminal prosecution where there has been governmental misconduct that prejudiced the defendant's right to a fair trial. Charles S. Longshore appeals the denial of his motion to dismiss based on government misconduct. But because the trial court's decision is not manifestly unreasonable, we affirm.

## FACTS

Longshore was charged with two counts of aggravated first degree murder and detained at the Mason County jail. While there, he maintained a correspondence with his girlfriend. Longshore was later transferred to the Washington Correction Center (WCC). The WCC allows transferees to bring legal, but not personal, papers. Longshore took an envelope of legal paperwork with him to the WCC and left his personal papers in a bag at the Mason County jail.

After the transfer, a detective from the Mason County Police Department visited the jail to photograph drawings and marks that Longshore left on the wall of his cell. Jail staff told the detective that Longshore had left a bag of papers. The detective skimmed the first few papers and believed they were correspondence between Longshore and his girlfriend. The detective forwarded copies of the papers to the prosecutor's office. The prosecutor distributed copies to Longshore's attorney as discovery.

The copies consisted of about 45 pages. The majority of the pages are letters between Longshore and his girlfriend. The correspondence discusses their relationship and their desire to get married. The letters also address the circumstances of Longshore's arrest, the charges against him, the possibility of a death sentence, trial dates, trial strategy, and Longshore's desire to go to trial rather than plead.

One of the copied pages is a document titled "Questions for Attorney." Clerk's Papers (CP) at 33. The page, which appears to be in Longshore's handwriting, contains a list of seven topics: (1) whether Longshore and another party were lawfully arrested; (2) whether the prosecutor will commit felony harassment if he seeks the death penalty in the hopes that Longshore will plead; (3) Longshore's desire to go to trial before any of his codefendants; (4) whether his marriage application has been handled; (5) Longshore's desire to suppress everyone's statements; (6) whether Longshore has a claim against the Mason County Sheriff's office for the theft of his vehicle from the crime scene; and (7) the need to suppress evidence.

When Longshore's attorney received the copies from the prosecutor's office, he noticed the "Questions for Attorney" page. He filed a motion to compel the State to account for how it obtained the document and the legal basis for its violation of the attorney-client privilege. The issue was heard in pretrial motions. No motion to suppress the evidence was brought. None of the papers from Longshore's cell were introduced into evidence.

At trial, a jury convicted Longshore as charged. Longshore appealed. See State v. Longshore, 197 Wn. App. 1019, 2016 WL 7403795 (2016). While his direct appeal was pending, Longshore filed a pro se motion to dismiss the charges against him. Longshore alleged that the government committed prejudicial misconduct by obtaining the "Questions for Attorney" page through an improper search. He asserted that the document contained details about trial strategy that benefitted the State.

The State contended the "Questions for Attorney" page was the product of a valid search and any violation of the attorney-client privilege was inadvertent. The State asserted that reading the page did not prejudice Longshore because the document had minimal relevance and did not address trial strategy. To the extent the document addressed Longshore's trial, the State argued, the same information was revealed in more detail in non-privileged documents.

The trial court agreed with the State in a lengthy oral ruling. Assuming without deciding that the page constituted privileged attorney-client communication, the court found that the State's violation of the privilege was not

3

No. 77764-5/4

deliberate and did not result in prejudice. The court's written order denies

Longshore's motion but does not set out findings of fact or conclusions of law.

## DISCUSSION

Longshore appeals the denial of his motion to dismiss under CrR 8.3(b).[1]

He first contends the trial court erred in failing to issue written findings of fact or

conclusions of law. Longshore asserts that CrR 8.3(b) requires the court to state

the reasoning behind its decision in a written order.

Superior Court Criminal Rule 8.3(b) states:

> **On Motion of Court.** The court, in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial. The court shall set forth its reasons in a written order.

The rule grants the trial court discretion to dismiss a case upon its own motion.

Under CrR 8.3(b), when the trial court dismisses a case for governmental

misconduct, it must set out its reasons in a written order. The rule does not

address the circumstance here, where the trial court denies a defendant's motion

to dismiss for governmental misconduct. Because the rule mandates no

procedure in this circumstance, Longshore fails to show that the trial court was

required to enter a written statement of reasons.

---

[1] The procedural posture of this case is confused. Longshore is appealing the denial of a post judgment motion. The denial of a post judgment motion may be but is not always subject to review. RAP 2.2, 7.2(e). The State does not challenge appealability and thus appears to concede that Longshore's appeal is properly before this court. We assume for purposes of this appeal that review of the trial court's decision is proper under RAP 2.2(13), as a final order after judgment that may affect a substantial right.

4

Longshore asserts, however, that the absence of a written statement of reasons hampers review. He asks us to remand for entry of written findings of fact and conclusions of law. Longshore relies on State v. Michielli, 132 Wn.2d 229, 937 P.2d 587 (1997). But Michielli is of no help to him because that case concerns appellate review of a trial court's order dismissing a case, for which, as discussed above, the rule requires a written explanation of the court's reasons. Michielli, 132 Wn.2d at 233. That is not the case here.

Longshore next contends the trial court erred in denying his motion to dismiss. The trial court may dismiss a case pursuant to CrR 8.3(b) where there has been governmental misconduct that prejudiced the defendant's right to a fair trial. Michielli, 132 Wn.2d at 239-40. We review the trial court's decision on a motion to dismiss under CrR 8.3(b) for abuse of discretion. The trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds.

Longshore contends the trial court abused its discretion because the State's violation of attorney-client communication prejudiced his right to a fair trial. He argues that the "Questions for Attorney" page revealed his determination to go to trial, reading the document spurred the State to offer plea deals to Longshore's codefendants, and the plea deals allowed the State to obtain the codefendants' testimony against Longshore.

The record does not support this argument. Of the seven items on the "Questions for Attorney" page, three address Longshore's upcoming trial. Reproduced verbatim, these state:

5

3.) I need to get into trial befor [redacted] or anyone. Exsplane theory and stradegy.

...

5.) We need to get all of my recorded statements suppressed and everyone eles. Every person was intoxicated and under mind Altering substences makes statements invalid.

...

7.) Evidence suppress [illegible] is needed in this [illegible]

CP at 33.

The "Questions for Attorney" page does not reveal Longshore's determination to go to trial or address whether he would consider a plea deal. In contrast, Longshore's letters to his girlfriend, which were not privileged, predict that the prosecutor will offer plea deals to Longshore and his codefendants, opine that Longshore will receive a shorter sentence at trial than through a plea, and express his desire to go to trial.

The allegedly prejudicial information was contained, not in the "Questions for Attorney" page, but in non-privileged documents. Longshore presents no other argument as to prejudice. He fails to show that the trial court's denial of his motion to dismiss was manifestly unreasonable.

In a statement of additional grounds, Longshore contends the trial court erred by applying the wrong burden of proof. He asserts the trial court should have presumed prejudice in this case. Longshore is mistaken.

In a motion to dismiss under CrR 8.3(b), the defendant "bears the burden of showing both misconduct and actual prejudice." State v. Salgado-Mendoza, 189 Wn.2d 420, 427, 403 P.3d 45 (2017). Where the State has committed egregious misconduct by deliberately eavesdropping on attorney-client

communications, a presumption of prejudice arises. State v. Fuentes, 179 Wn.2d 808, 818-20, 318 P.3d 257 (2014). The burden then shifts to the State to rebut that presumption. Id. at 820.

In this case, the trial court acknowledged that when the State deliberately and egregiously intrudes into the defendant's attorney-client communication, a rebuttable presumption of prejudice arises. But because it found no deliberate or egregious intrusion in this case, the trial court properly did not apply the presumption or place the burden of rebutting it on the State. There was no error.

Because the court found no deliberate government misconduct, Longshore had the burden to show prejudice. When he failed to do so, the court properly denied his motion. There was no abuse of discretion.[2]

Affirmed.

WE CONCUR:

Spearman, J.

Cox, J.

---

[2] We do not reach the State's argument that the "Questions for Attorney" page was not privileged attorney-client communication. And, because the State asserts that it does not intend to seek an award of appellate costs, we do not address Longshore's request that we decline to award costs to the State.